UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>            Plaintiffs,<br><br>       v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>            Defendants. | Civil Action No. 25-0952 (CKK) |

**ORDER**
(April 1, 2025)

Earlier today, the Clerk of the Court randomly assigned this matter to this Court pursuant to Local Rule of Civil Procedure 40.3(a). Two other matters, *League of United Latin American Citizens v. Executive Office of the President*, No. 25-cv-0946, and *League of Women Voters Education Fund v. Trump*, No. 25-cv-0955, were later assigned to this Court as "related case[s]" pursuant to Local Rule of Civil Procedure 40.5(c). These three cases are "related" because they "grow out of the same event or transaction"—the issuance of Executive Order No. 14,248, 90 Fed. Reg. 14005 (Mar. 25, 2025)—and "involve common issues of fact" related to the effect of that Executive Order. *See* LCvR 40.5(a)(3).

Upon the Court's initial review of the Complaints in these three matters, it appears that there may be "extensive common questions of law and fact" among the cases and that consolidation of these cases pursuant to Federal Rule of Civil Procedure 42(a)(2) may "promote the interests of judicial economy, consistency, timeliness," and "convenience" for the parties without creating any undue risk of confusion or unfair prejudice to any party. *See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of Fed. Rsrv. Sys.*, 770 F. Supp. 2d 283, 287 (D.D.C. 2011)

1

(BAH); *see also Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) (JDB); *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (RMU).

Accordingly, it is hereby **ORDERED** that the parties in this case shall **MEET AND CONFER** with the parties in *League of United Latin American Citizens v. Executive Office of the President*, No. 25-cv-0946, and *League of Women Voters Education Fund v. Trump*, No. 25-cv-0955, to discuss whether these three cases should be consolidated.

It is further **ORDERED** that on or before **April 2, 2025**, the Plaintiffs in this case shall file either a motion to consolidate or a brief memorandum, not to exceed five pages, explaining why the parties believe that consolidation is not warranted. *See* Fed. R. Civ. P. 42(a)(2); LCvR 40.5(d).

Finally, given the parties' interest in prompt and fair adjudication of any request for preliminary relief, it is further **ORDERED** that any motion for preliminary relief in this matter shall address, at a minimum:

(1) the Plaintiffs' standing to pursue each claim and form of relief requested;

(2) the source of the Plaintiffs' cause of action for each claim;

(3) whether any action challenged under the Administrative Procedure Act is a "final agency action for which there is no other adequate remedy in a court," *see* 5 U.S.C. § 704; and

(4) whether the requested remedies are appropriately tailored to the Plaintiffs' specific claim(s), the relevant provision(s) of the President's Executive Order, and the relevant Defendant(s) before the Court.

**SO ORDERED.**

Dated:  April 1, 2025

COLLEEN KOLLAR-KOTELLY
United States District Judge