UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br><br>　　Defendants. | Civil Action No. 25-946 (CKK) |
| DEMOCRATIC NATIONAL COMMITTEE, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　Defendants. | Civil Action No. 25-952 (CKK) |
| LEAGUE OF WOMEN VOTERS EDUCATION FUND, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>　　Defendants. | Civil Action No. 25-955 (CKK) |

**UNOPPOSED MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN OPPOSITION TO DEFENDANTS' AND INTERVENOR'S CROSS-MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

1

*Amicus curiae* Constitutional Accountability Center respectfully moves for leave to file the attached brief in opposition to Defendants' and Intervenor's cross-motions for partial summary judgment. In support of this motion, *amicus* states:

1. Constitutional Accountability Center (CAC) is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the Constitution's text and history. CAC works to improve understanding of the Constitution and accordingly has an interest in this case.

2. CAC has filed amicus briefs in this Court and other courts addressing the text and history of the Elections Clause and the Constitution's separation of powers. *See, e.g.*, Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Respondents, *Moore v. Harper*, No. 21-1271 (U.S. filed Oct. 26, 2022); Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Respondents, *Husted v. A. Philip Randolph Inst.*, No. 16-980 (U.S. filed Sept. 22, 2017); Brief of Current and Former Members of Congress as *Amici Curiae* in Support of Appellees and Affirmance, *NTEU v. Vought*, Nos. 25-5091 & 25-5132 (D.C. Cir. filed May 9, 2025); Brief of Constitutional Accountability Center as *Amicus Curiae* in Support of Plaintiffs' Motion for Summary Judgment and in Opposition to Defendants' Motion to Dismiss or, In The Alternative, Motion For Summary Judgment, *Am. Foreign Serv. Ass'n v. President Donald Trump*, No. 25-cv-352 (CJN) (D.D.C. filed Apr. 25, 2025). Accordingly, CAC has developed expertise relevant to the issue of the Elections Clause, the scope of Congress's power under that Clause, and the separation of powers.

3. This Court has "broad discretion" in deciding whether to allow the filing of *amicus curiae* briefs. *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an *amicus* brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in

the parties' briefs.'" *N. Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)); *In re Search of Info. Associated with [redacted]@mac.com*, 13 F. Supp. 3d 157, 167 (D.D.C. 2014) (same). Courts have permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the *amicus* is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Exam'rs*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999); *see Nat'l Ass'n of Home Builders*, 519 F. Supp. 2d at 93 (granting leave to file because "the court may benefit from [the *amicus*]'s input"); *Potomac Elec. Power Co.*, 826 F. Supp. 2d at 237 (same); *United States v. Microsoft Corp.*, No. 98-cv-1232 (CKK), 2002 WL 319366, at *3 (D.D.C. Feb. 28, 2002) (same).

4.    The proposed, attached *amicus curiae* brief satisfies these standards. The attached brief explains that the Elections Clause bifurcates the power over federal election regulation between state legislatures and Congress, but gives Congress the final say over such regulations to curb potential abuses by state governments. The brief also explains that, in exercise of its broad Elections Clause power, Congress passed the National Voter Registration Act (NVRA) and established the Election Assistance Commission (EAC) to increase political participation and make voter registration more accessible. Among the NVRA's critical reforms were its creation of a uniform federal voter registration form (Federal Form) and establishment of the substantive and procedural requirements governing the Federal Form's contents. Finally,

the brief explains that Executive Order No. 14,248 violates the Constitution's separation of powers because it usurps Congress's power over federal election regulations by unilaterally mandating changes to the Federal Form without complying with the congressionally-established procedures governing such changes.

5.  Plaintiffs consent to the filing of this brief. Defendants and Intervenor do not oppose the timely filing of this brief.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is attached to this motion.

                                                    Respectfully submitted,

Dated: September 3, 2025

/s/ Brianne J. Gorod
Elizabeth B. Wydra (DC Bar No. 483298)
Brianne J. Gorod (DC Bar No. 982075)
David H. Gans (DC Bar No. 461002)
Anna K. Jessurun (DC Bar No. 90021022)
Constitutional Accountability Center
1730 Rhode Island Ave. NW, Suite 1200
Washington, D.C. 20036
(202) 296-6889
brianne@theusconstitution.org

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2025, the foregoing document and all attachments were filed with the Clerk of the Court, using the CM/ECF system, causing them to be served on all parties.

Dated:  September 3, 2025

/s/ Brianne J. Gorod
Brianne J. Gorod

*Counsel for Amicus Curiae*